## HIRAM H. VANDUZER v. LEHIGH AND HUDSON RIVER RAILWAY COMPANY.

1. Railroad companies, incorporated under the general act, are bound to put up and maintain, at farm crossings, fences and gates.
2. If cattle escape on to the track and are killed by a locomotive, by reason of the deficiency of such fences or gates, the company is liable to indemnify the owner.

On motion for a new trial.

Argued at February Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, REED and GUMMERE.

For the motion, *George M. Shipman.*

*Contra, Joseph M. Roseberry.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The railroad track of the defendant crosses the lands of the plaintiff, who complains that certain of his cattle, escaping from his field and going upon such track, were there run down and killed by a locomotive of the company. The ground taken in support of the action is that such escape occurred by reason of the neglect of the defendant in maintaining proper fences between the plaintiff's premises and the railroad.

The defendant was incorporated under the act of the legislature of this state entitled "An act to authorize the forma-

tion of railroad corporations and regulate the same," approved April 2d, 1873, and section 33 of the same reads as follows :

"That every corporation formed under this act shall erect and maintain fences on the sides of their road, of the height and strength of a division fence required by law, with opening or gates or bars therein, and farm crossings of the road for the use of proprietors of lands adjoining such railroad ; and also construct and maintain cattle-guards at all road crossings, suitable and sufficient to prevent cattle and animals from getting on to the railroad ; until such fences and cattle-guards shall be duly made the corporation and its agents shall be liable for all damages which shall be done by their agents or engines to cattle, horses or other animals thereon ; and after such fences and guards shall be duly made and maintained, the corporation shall not be liable for any such damage unless negligently or willfully done."

The gravamen of which the evidence, on the side of the plaintiff at the trial, tended to prove was that a certain gate on a farm crossing on plaintiff's lands, was left for some years by the defendant in a ruinous condition, and that thereby the above-stated damage was occasioned. The defence consisted in an endeavor to controvert the case so presented.

In this posture of the case the court charged the jury, after reading the substance of the section of the act just recited, in this wise, viz., "Of the height and strength of the division fence required by law—that is, it shall be close, strong and sufficient to keep cattle from going through. That is the kind of fence which it is their duty to maintain, ' with openings or gates or bars therein.' But the whole fence with the openings and gates therein is to be of such character as shall be close, strong and sufficient to keep cattle from going through it. It is their duty to erect and maintain it. The defendant company is not obliged to sit there and watch and see whether these gates are open or shut, but they have got to have the right kind of fence, as I have defined it to you, and the right kind of gates through, and they must erect them and maintain them."

This charge was not excepted to at the time, nor were any further instructions requested.

Under these circumstances we think the case, with respect to the law, was properly placed before the jury.

The testimony was conflicting. It was, consequently, the province of the jury to weigh it, and this court cannot interfere with that function.